McGUIRE, Respondent, v. ROBERTS, Appellant. (Supreme Court, Appellate· Division, Fourth Department. July 31, 1905.) Action by Kate McGuire against William Roberts. C. S. Merenes, for appellant. J. · Frank La Rue, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

STOVER, J., dissents in an opinion in which WILLIAMS, J., concurs.

STOVER, J. (dissenting). The action is for damages for personal injuries received through a fall into an open areaway leading into the basement of a business block on Main street in the village of Philadelphia, N. Y., which it is claimed the defendant negligently failed to guard. Upon the premises of defendant is a store standing back from the sidewalk six feet. In front of the building is a platform six feet wide, over which access is had from the store to the street. The platform is raised above the level of the street, and at the rear of the platform is a step leading into the store. At the southwesterly side of the store is an entrance to the basement. A board walk· leading from the edge of the sidewalk to about the corner of the building, and from the corner. of the building steps, leads down to the basement entrance. The board walk from the sidewalk to the building is lower than the sidewalk; there being a step down, and, after

reaching the end at the corner, a step down to the head of the areaway, and then a regular stairway to the bottom. The side of the areaway is protected by a coping raised a little distance above the ground. In the rear of the premises is a tenement house, and farther down a gristmill. Outside of the walk leading to the areaway is a board walk, which leads to the tenement house in the rear. This walk is four or five feet from the building, and the platform in front of the building, and there is a row of trees between the platform leading to the areaway and the board walk leading back to the tenement house in the rear of the premises. The evidence showed that this walk, upon which access was had to the rear of the premises had been there for a great many years; one of the witnesses saying it had always been there, and that it had been used by the people going backward and forward to the mill and the tenement house in the rear, sometimes people taking the roadway, which was used for carriages and wagons, which went into the rear of the premises. The plaintiff desired to go to the rear of the premises to see a laundry woman, who occupied a portion of the tenement house in the rear. She testified that on a former occasion she had walked, about 1 o'clock in the afternoon, down to the gristmill, passing across the street to the tenement house, and that at the time of the injury she had no recollection as to where the walk was; that she was down there but a few minutes, and talked with the laundry woman, and came back. She testified that she had been down there in that locality probably four times prior to the accident, but she had never noticed that there was an areaway on the side of the Roberts Block. On the night of the accident, between 8 and 9 o'clock, she came out of the store and passed over the front platform onto the main sidewalk, turned at the corner of the block, saw a sidewalk as she supposed, and walked upon it until she stepped off. As she describes it: "I saw a sidewalk and took it, and went until I stepped off somewhere. That is the last I knew. * * * When I turned again to the right, I was going to Mrs. Washburn's house to pay her for some washing. * * * As I looked down that way I observed a light in her house, in the window. The light was in a direct line with the walk I started down. I don't believe I can tell the jury just how I went into the areaway. I had gone several steps by the corner of the block before I fell. I don't know just how far." An examination of the exhibits in the case renders it quite likely that the plaintiff mistook the walk from the store to the areaway for the walk from the sidewalk to gain the rear of the premises, which was outside of the trees.

It is claimed that the defendant was negligent in failing to guard the areaway. We do not think this proposition can be maintained. If this is true, then the proprietor of every areaway is bound to erect a barrier in front, and keep the direct approach to his areaway guarded and protected against persons who may be likely in the dark to stray upon the premises and fall into the areaway. Common experience teaches us that this is not the practice, nor has it been suggested that the duty rests generally upon the owner of premises to thus guard area-

ways. The direct approaches to areaways in large cities and smaller towns are left open; and it cannot be possible that an owner who fails to erect a barrier in front of the stairway into his store is guilty of negligence as against one who, without endeavoring to discover where he is going, in the dark, walks into the open way. The entrance to the areaway is some nine feet from the sidewalk, and in order to reach the platform leading to it it is necessary to step down from the sidewalk upon the platform leading to the areaway. This is not a case of an unguarded areaway through which persons passing upon the street are liable to fall. So long as people confine themselves to passage along the street and the ordinary uses of the street at this point, there can be no danger from the areaway. The distance from the street is so great as to preclude the possibility of any one passing along the street being injured. But it is claimed there can be negligence predicated against the defendant by reason of an implied invitation to persons to enter upon the premises, and that in this regard it was his duty to either barricade or furnish light for the place. The authority for this construction of the law is found in cases which are based upon accidents happening in hallways in cities, where the premises were subject to the tenement house laws, which require that lights of a certain kind shall be displayed in a hall, and under which the lighting and use of hallways are regulated as between landlord and tenant. These laws have no application to the case under consideration, and the cases, in so far as they are based upon the statutes, are not in point. The landlord of these premises presumably, the basement being occupied by one tenant and the rear by another, has furnished access to each; and it is not to be presumed that he shall in each instance entirely separate the passageways through which access is had to the premises, so as to preclude the possibility of accident. He has furnished in this case a way to each of these places, and persons entering upon the premises, following those ways, could safely proceed thereon. There is no question but what the plaintiff in this case knew that she was passing from the public highway upon other premises, and that, entering upon the premises in that way, she must have assumed whatever risks were there. In passing upon these premises, which she knew were not used by the public, and over a step which she says she could not see, and could not tell how she fell into this areaway, she must have, as matter of law, assumed whatever risks there were, namely, those that every person who goes upon private premises in the dark, and without knowledge of the situation, as she testifies she was, assumes—the risks of whatever may be upon the premises, so long as it has not been intentionally and willfully placed there to injure her.

This involves another phase of the case, namely, the contributory negligence of the plaintiff. The testimony fairly shows that, if she had taken pains to learn the way of the premises, she would have known that a well-defined walk outside of the line of trees led to the point to which she desired to go, and either inquiry or observation would have protected her against accident. As it was, she passed from the side-

walk, where she was in safety, turned off some way, without knowing how she went or where she went, and walked on until she fell into the open areaway. We think this of itself was not such care as an ordinarily prudent person would exercise. We think the accident occurred, perhaps, through her misapprehension of the locality or of her own position, and, believing that she was following the path to the rear of the premises, she walked into the areaway. Had she taken care to inform herself of her position, or, being in ignorance of it, walked in such a manner as to protect herself, it can be said almost with certainty that she would not have been injured. She chose the other method and received the injury. Whatever there may be of her injuries, she received them through a lack of caution on her part and upon a deliberate assumption of the risks by entering upon the premises without knowing the situation. We think the complaint should have been dismissed, and that the evidence did not warrant the finding of the jury. The judgment and order should be reversed, and a new trial granted.

WILLIAMS, J., concurs.